[No. 6294. Decided December 12, 1906.]

STANDARD ICE COMPANY, *Respondent*, v. A. W. PRATT *et al.*,
*Appellants.*[1]

Appeal from a judgment of the superior court for King county,
Morris, J., entered February 14, 1906, upon findings in favor of the
plaintiff. Affirmed.

*Ira Bronson* and *D. B. Trefethen*, for appellants.

*Horace A. Wilson*, for respondent.

PER CURIAM.—This action was brought to recover on account of a
quantity of ice sold by the plaintiff to the defendants. A trial was
had before the court without a jury, and a judgment was rendered
in favor of plaintiff in the sum of $605.90, from which the defend-
ants have appealed.

The sole controversy is in reference to what price the appellants
are obligated to pay for the ice. We find the evidence very conflict-
ing and confusing as to what was the agreement and understanding
between the parties. It appears that, prior to June 2, 1905, ice was
being furnished at $2 per ton at the ice plant. Appellants contend
that they had a written contract for $3 per ton delivered, afterwards
modified orally calling for its delivery at the ice plant at $2 per ton,
for a period of three years. But respondent disputes this, and the
evidence is not clear that the minds of the parties ever actually met
upon such agreement. In any event, however, on June 2, the respond-
ent gave appellants written notice that, thereafter, the price would be
$3.25 per ton, and that they could get ice at the plant of the Wash-
ington Cold Storage Company, where respondent had arranged for
them to get it until further notice. Appellants objected to the price,
but proceeded to take the ice at the place mentioned in respondent's
notice, knowing that the price fixed in the notice was $3.25 per ton.
By reason of such facts the court found as follows: "That between
the 1st and 24th days of June, 1905, the plaintiff, at the special in-
stance and request of the defendants, sold and furnished to the de-
fendants certain quantities of ice, to wit, 15.8 tons at $2 per ton, and
176.7 tons at $3.25 per ton."

We think the finding is sustained by the evidence, and the judg-
ment is affirmed.

[1]Reported in 87 Pac. 936